H. BEECKMAN, Surviving Executor of M. Beeckman *v.* SCHER-
MERHORN and others.

A testator gave real and personal estate in trust, to be applied for the use of six brothers and sisters, until the youngest of them or the survivor of them should arrive at the age of twenty-one, upon which the trustees were to convey the estate, or what remained, to those six persons, or the survivor or survivors of them, their heirs and assigns forever, share and share alike. And if either of the six should die before the coming of age of their youngest brother or sister, leaving lawful issue, the share of the one so dying should be conveyed to such issue.

One of the sisters married, had issue a son, and died, before the youngest of the six became twenty-one, leaving her child and husband surviving. *Held,* waiving the question as to her own interest, that on her death, her son took a vested remainder in fee in the real estate, and a vested interest in the personal property, to the extent of her sixth part.

Also, that on the son's death, his father became entitled to his share of both the real and personal estate.

    October 16 ; December 31, 1845.

THE bill in this cause was filed to settle the construction of the will of Marte Beeckman, who died in 1826, leaving real and personal estate, in the county of Rensselaer.

The facts, so far as they were material to the decision were substantially as follows : The testator 1st, directed the payment of his debts : 2d, he gave and devised one fourth of his real and personal estate to his nephew John Beeckman Junior ; 3d, he gave and devised one-fourth of such estate to Henry Beeckman ; and 4th, one other fourth of the same to Cornelius Beeckman. He then devised and bequeathed in these words :

" Fifth. I give devise and bequeath unto John Beeckman Jr., and Henry Beeckman, the remaining one fourth part of all my estate, both real and personal, whereof I may die seised or pos-

sessed : to have and to hold the same to them, the said John Beeckman Junior and Henry Beeckman, their heirs and assigns forever ; upon trust nevertheless, that they the said John Beeckman Jr., and Henry Beeckman or the surviver of them their heirs or assigns, shall and may possess, occupy, assign, sell, lease and dispose of the same upon such terms, and in such manner as they shall deem proper, for the use, benefit and advantage of John Beeckman, Hester Beeckman, Martin Beeckman, Maria Ann Beeckman, Henry Beeckman and Cornelius Beeckman, children of my deceased nephew, Leonard Beeckman, until the youngest of the said children of my said deceased nephew or the survivor of them, shall arrive at the age of twenty-one years, upon the happening of which, they the said John Beeckman Jr. and Henry Beeckman, or the survivor of them, their heirs, executors, or administrators, shall convey the said one-fourth part of my real and personal estate, or such part thereof, as shall then remain in their hands undisposed of, to the said John Beeckman, Hester Beeckman, Martin Beeckman, Maria Ann Beeckman, Henry Beeckman and Cornelius Beeckman, or the survivor or survivors of them, their heirs and assigns forever, share and share alike, the one no more thereof than the other.

And if either of the said children of the said Leonard Beeckman deceased, shall die before the coming of age of their youngest brother or sister, leaving lawful issue, then the share of such deceased child or children, shall be conveyed to the lawful issue of such child or children."

The youngest child of the testator's nephew, Leonard, arrived at the age of twenty-one, on the 11th day of August, 1842. Hester, one of the children of Leonard, intermarried with Peter Prosius who subsequently died ; and after his death, and during the minority of the youngest of Leonard's children, Hester also died, leaving her surviving, her lawful issue by Peter Prosius, the three infant defendants in this suit, who were all born before the 11th day of August, 1842.

Maria Ann, another of Leonard Beeckman's children, intermarried with Isaac V. Schermerhorn, by whom she had one child, a son. She died in 1833, and her child died in 1834, be-

fore the youngest of Leonard's children arrived at the age of twenty-one years.

Isaac V. Schermerhorn claimed his wife's portion of the testator's estate, as heir at law of his own child.

In behalf of the infant defendants, it was insisted that Schermerhorn took nothing under the will, and had no interest or right in the estate real or personal.

They claimed one fifth of the one-fourth of the testator's estate, as the heirs and next of kin of their mother, Hester Prosius.

If Schermerhorn's claim were valid, their interest would be only one-sixth of the fourth part of the estate.

The other adult defendants did not litigate the question.

*D. Codwise*, for the complainant.

*D. Buel, Jr.*, for Isaac V. Schermerhorn.

*John M. Platt*, for the infant defendants.

*L. Robinson*, for the other defendants.

THE ASSISTANT VICE-CHANCELLOR.—In my view of the statute of descents, it is not material to determine the point made by Schermerhorn's counsel, that his wife Mary Ann, took an estate in fee under the will. The case relied upon, *Kingsland* v. *Rapelye*, (3 Edw. Ch. R. 1,) is a strong authority in his favor. But the devise here is distinguishable from the one in that case, in two important features. The property is vested in trustees, who were to retain the entire legal estate until the youngest of Leonard Beeckman's children attained his majority ; and the trustees were empowered to apply the capital of the estate, as well as the income, for the use of all the children in the mean time.

Waiving the consideration of this point, my construction of the will is, that without regard to the nature of Mrs. Schermerhorn's estate, and assuming for this purpose that it was not vested ; on her death, her son took a vested absolute estate in her share of the property.

The terms of the will are explicit, that in the event which happened, " the share of such deceased child shall be conveyed to the lawful issue of such child."

There is no condition imposed that the issue shall continue alive till the majority of Leonard Beeckman's youngest child. That period is fixed for the termination of the trust estate, and for consequent actual possession of the parties entitled. It has nothing to do with the vesting of the interests.

When Mrs. S. died, leaving issue, there was a determinate person, in whom the estate was fixed, to remain after the particular estate vested in the trustees was spent. The interest of her daughter was no more contingent, than is the estate of B. in the very common devise to A. for life, with remainder to B., in fee. Unless B. survives A., he will never come into possession; but he has a vested remainder, which will descend to his heirs precisely as if he were in its actual enjoyment.

There is no devise over, upon the death of the issue; and this furnishes another reason, if any were necessary, for holding the interest of such issue to be vested.

As to the personal estate, *Roebuck* v. *Dean*, (4 Bro. C. C. 403, S. C. 2 Ves. Jr. 265;) is directly in point, to show that it vested in the son of Mrs. S. on her death. To the same effect are *Skey* v. *Barnes*, 3 Mer. 335; and *Harrison* v. *Foreman*, 5 Ves. 207. The latter is in favor of the position that Mrs. S.'s interest was vested; liable to be divested on the contingency of her death before her youngest brother became of age. And see *Locker* v. *Bradley*, (5 Beav. 593; S. C. 6 Lond. Jur. R. 1098.) In *Sturgess* v. *Pearson*, (4 Madd. 411,) the bequest was of the income to A. for life, and after her decease, to be equally divided among her three children, or such of them as should be living at her death, to be paid to them at their age of twenty-one years. A. survived all her children. Sir John Leach, V. C. held that all the children took vested interests, which passed to their representatives.

In regard to the real estate; the child of Mrs. S. at her death, took a vested remainder in fee, beyond all question; assuming still that Mrs. S. had only a contingent or defeasible estate herself. In *Williamson* v. *Field's Executors and Devisees*, (July 21, 1845,(a)) I examined this subject much at large, and refer-

(a) Since reported in 2 Sand. Ch. R. 531.

ring to that case, and the treatises, I will dismiss the point. (2 Cruise's Dig. 260, 270, 271 ; Title, Remainder, Chapt. 1 ; 1 Preston on Est. 64, 67 ; *Doe* v. *Perryn*, 3 T. R. 484.)

When the child of Mrs. Schermerhorn died, he was seised in fee of one sixth of the real estate, and absolutely entitled to one sixth of the personal property remaining in the hands of the trustees, for Leonard Beeckman's children ; subject to the trust while it was to continue. His father was entitled to his personal estate under the statute of distributions.

He also took the real estate of his son, pursuant to the provisions of the statute of descents, as amended in 1830. (1 R. S. 751, § 5 ; Laws of 1830, ch. 320, s. 13.)

There must be a decree, declaring the construction of the will accordingly, with costs to the respective parties out of the personal estate.